112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Rafael MARTINEZ, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 No. 95-56828.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997.
Decided April 25, 1997.
 
 Before: SCHROEDER, WIGGINS, LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Rafael Martinez, a minimum-security prisoner at California Institution for Men at Chino, appeals the district court's grant of summary judgment for Defendant-Appellee California Department of Corrections. Martinez, an incomplete quadriplegic, is currently restricted by prison authorities to the hospital unit of the prison, where he resides. He sued under the Americans with Disabilities Act, seeking an injunction permitting him access to the prison's general yard, classroom education, and vocational training programs on the same terms as other similarly classified inmates.
 
 
 3
 The district court's grant of judgment for Defendant-Appellee is a final, appealable order, and we have jurisdiction under 28 U.S.C. § 1291. We review de novo, see Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), and affirm.
 
 
 4
 There are no disputed issues of material fact, and the parties agree on the applicable law. Under Gates v. Rowland, 39 F.3d 1439, 1447 (9th Cir.1994), a prison's policy which impinges on a prisoner's statutory rights is valid "if it is reasonably related to legitimate penological interests." Id. (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In determining the reasonableness of the prison policy, courts are to consider four factors:
 
 
 5
 (1) whether there is a valid, rational connection between the prison policy and the legitimate governmental interest put forward to justify it;
 
 
 6
 (2) whether there are alternative means of exercising the right;
 
 
 7
 (3) the impact that accommodation of the ... right will have on guards, on other inmates, or on the allocation of prison resources; and
 
 
 8
 (4) whether the regulation or policy is an "exaggerated response" to prison concerns.
 
 
 9
 Gates, 39 F.3d at 1447 (quoting Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir.1993)). "The burden is on the inmate[ ] to show that the challenged regulation is unreasonable under Turner." Id.
 
 
 10
 On the first prong of the Gates /Turner test, we conclude there is a rational connection between the prison's restriction of Martinez to the hospital unit and its legitimate concern for Martinez's personal safety. Dr. Meyer testified that Martinez is unable to defend himself from attack by other inmates, and Captain Borrielli testified that although no additional security provisions would ordinarily be made for a wheelchair-bound inmate, medical concerns can become security concerns if an inmate is unable to defend himself. Martinez himself complained in an early stage of this litigation that he was unable to defend himself from two cellmates. ER Tab 1 at 12. We cannot say the prison's policy regarding Martinez is not rationally connected to a legitimate concern for his safety. Because the policy is rationally related to the prison's legitimate security concerns, we need not address whether it is rationally related to Martinez's medical needs.
 
 
 11
 We agree with the district court's assessment of the other three Gates / Turner factors. ER Tab 13 at 18-20. For the reasons stated here and by the district court, we affirm the grant of summary judgment.
 
 
 12
 AFFIRMED.
 
 WIGGINS, Circuit Judge, dissenting:
 
 13
 I am unable to agree with the majority that there is a rational connection between the prison's restriction of Martinez to the hospital unit and its legitimate concern for his health or safety. As a result, I respectfully dissent.
 
 
 14
 The prison officials set forth two penological interests which they say are served by restricting Martinez to the hospital unit. First, they claim that keeping Martinez close to the hospital enables medical staff to monitor closely his physical health. However, at least as I view the testimony, nothing about Martinez's daily condition requires continual medical attention or otherwise prevents him from leaving the hospital unit. Thus, I do not believe that Martinez's medical condition justifies the prison's policy of refusing him access to the prison yard or the educational facilities.
 
 
 15
 Second, prison officials assert that allowing Martinez access to the main prison yard or the prison educational facilities would create additional security problems. Yet Martinez, confined as he is to a wheelchair, is certainly not a physical threat to other inmates. Moreover, the record does not indicate that Martinez is verbally abusive or otherwise likely to cause trouble. Thus, any security concerns posed by Martinez's presence in the prison yard or in the educational facilities would have to be the result of misconduct by other inmates. In these circumstances at least, I do not think it is rational to prevent misconduct by punishing the potential victim rather than those who misbehave.
 
 
 16
 "[A] regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational." Turner v. Safley, 482 U.S. 78, 89-90 (1987). In my view, the connection between the prison's decision to restrict Martinez's access and its asserted goals of preserving his health and safety is arbitrary and remote. I would reverse the judgment of the district court and remand for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3